**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WARREN VINCENT LEE,

      Plaintiff - Appellant,

    v.

SHANE WYATT; ROCHELL
MCCONNELL; LARRY MCGILL; BILL
DAUGHTERY; RANDY ELY; GEORGE
BAKER,

      Defendants - Appellees.

No. 09-6274
(D. Ct. No. 5:07-CV-00773-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Plaintiff-appellant Warren Vincent Lee, an Oklahoma state prisoner proceeding

pro se, appeals from the district court's grant of summary judgment in favor of defendants

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on his claim under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On January 24, 2008, Mr. Lee filed the operative complaint in this case. In that complaint, Mr. Lee asserts multiple constitutional deprivations arising from, and involving, his arrest in Chickasha, Oklahoma, and his detention in 2006 and 2007 in the Grady County Detention Center ("GCDC"). Relevant to this appeal, Mr. Lee alleges that certain defendants failed to protect him from Monty Barger, a fellow inmate, and as a result he was bitten by Mr. Barger and exposed to, but not infected by, the Hepatitis C virus. On October 21, 2009, the district court granted the defendants' motion for summary judgment on Mr. Lee's failure-to-protect claim based on the court's finding that Mr. Lee had not exhausted his administrative remedies. Mr. Lee now appeals from that order.

## II. DISCUSSION

We review an award of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003). Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). We construe a pro se party's pleadings liberally but do not assume the role of advocate for the litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under the Prison Litigation Reform Act, a prisoner must exhaust his administrative

remedies prior to filing a § 1983 lawsuit regarding prison conditions in federal court. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

On appeal, Mr. Lee does not explain how he exhausted this claim. Instead, he merely reasserts the allegations in his complaint that certain defendants failed to protect him from Mr. Barger, who was known for violent acts, assaults, and mental instability.[1] He does not address the district court's finding that he "did not grieve in accordance with GCDC's grievance procedure the incident regarding Barger." Moreover, the record is devoid of any attempt by Mr. Lee to grieve either a need for protection from Mr. Barger or the failure of any GCDC employee to protect him from Mr. Barger. Accordingly, Mr. Lee did not exhaust his failure to protect claim and the district court properly granted summary judgment to the defendants.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order. We DENY Mr. Lee's request to proceed in forma pauperis on appeal. Finally, we GRANT defendants' motion to strike, and DENY Mr. Lee's motion for reconsideration and appointment of

---

[1]Mr. Lee also attempts to reassert on appeal his claims that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. This claim, however, was dismissed in a June 5, 2009 order, and Mr. Lee has not appealed from that order. Thus, those claims are not properly before this court and will not be addressed.

counsel.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge